NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER DIEP, | No.    15-56615 |
| Petitioner-Appellant, | D.C. No.<br>8:11-cv-01443-VBF-PLA |
| v. | |
| MATTHEW CATE, | MEMORANDUM* |
| Respondent-Appellee, | |
| and | |
| DOMINGO URIBE, Jr., Warden, | |
| Respondent. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted August 8, 2018
Pasadena, California

Before:  GRABER, WARDLAW, and CHRISTEN, Circuit Judges.

Christopher Diep, a California state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

for first-degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review de novo. *Lopez v. Schriro*, 491 F.3d 1029, 1036 (9th Cir. 2007). Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. We affirm.

1. Diep claims that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to provide the defense with exculpatory eyewitness testimony, and that the state courts unreasonably applied Supreme Court authority in holding otherwise. We turn to the last reasoned decision of the state courts; here, the Orange County Superior Court's denial of Diep's habeas petition. That court reasonably concluded that Diep did not meet his burden to demonstrate prejudice from the prosecution's failure to provide defense counsel first with the testimony of two witnesses at Andrew Vu's trial that another person, San, "was the shooter," and, second, with information that one of those witnesses had previously identified photographs of two persons that he saw the night of the shooting – one identified as being at the café prior to the shooting, and the other identified as the driver of the black Acura. First, the public trial testimony of those witnesses was equally and readily available to defense counsel. *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) ("When . . . a defendant has enough information to be able to ascertain the supposed *Brady* material on his own, there is no suppression by the government.") (citations omitted); *cf. Towery v. Schriro*, 641

F.3d 300, 309-10 (9th Cir. 2010) (finding prejudice under "the unique circumstances" where "the prosecutor knowingly put . . . testimony to inconsistent use in two separate trials for two separate crimes"). Second, that one of the witnesses had identified two other individuals in a yearbook was information revealed by a statement in a police report actually provided to defense counsel. Finally, the Orange County Superior Court reasonably concluded that Diep had not met his burden to demonstrate prejudice because Vu was convicted over the testimony that San was the shooter, and in any event, Diep was convicted of first-degree murder as an aider and abettor.

2. Nor was the state trial court's determination that Diep did not meet his burden to demonstrate prejudice by the deficient performance of counsel, if any, objectively unreasonable. To obtain habeas relief, Diep must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The state court reasonably concluded that Diep failed to meet his burden to demonstrate prejudice because had counsel called the two eyewitnesses or introduced evidence of the photograph identification, there would not have been any difference in the outcome. Both pieces of evidence related to the identification of the shooter. The prosecutor acknowledged during Diep's trial that the evidence did not establish the identity of the shooter, and instead prosecuted Diep under an

3

aiding and abetting theory, because there was evidence connecting Diep to the three cars that may have been at the scene in which the shooter was a passenger. Thus, whether the shooter was in a white car, a black car, or any car, did not discredit the prosecution's theory of aiding and abetting. Further, the evidence against Diep was compelling. Cell phone records showed that Diep's phone was near the scene of the murder at the time of the murder and at the location where the gun was thrown away; there was no evidence that he had loaned his phone to someone else; and there was evidence that Diep told someone where to find the gun beforehand. Any evidence about the identity of the shooter does not undermine this evidence as it applies to the prosecution's theory of aiding and abetting.

**AFFIRMED.**